IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREATER NEW YORK MUTUAL       :       CIVIL ACTION
INSURANCE CO.                 :
                              :
        v.                    :
                              :
CHARLES RUDOLPH, et al.       :       NO. 08-2650

MEMORANDUM

Bartle, C.J.                                    October 24, 2008

        Before the court is the motion of two of the four

defendants in this action, Charles Rudolph and Chuck Rudolph, for

judgment on the pleadings under Rule 12(c) of the Federal Rules

of Civil Procedure (incorrectly denominated a motion to

dismiss).[1]

        Plaintiff Greater New York Mutual Insurance Company

("GNY"), as subrogee of Half Penny Management Company d/b/a

Arrowhead Court Associates ("Half Penny"), has sued the Rudolphs,

as well as Joseph Slater and Warren Slater, for breach of

contract in connection with the tenancy of Chuck Rudolph and

Joseph Slater in an apartment owned by Half Penny.  Plaintiff has

also sued Joseph Slater for negligence.

_____

1. Defendants wrongly denominated their motion as a motion to
dismiss under Rule 12(b)(6) of the Federal Rules of Civil
Procedure.  Because an answer has been filed, we will treat the
motion as a motion for judgment on the pleadings pursuant to Rule
12(c).  Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d
Cir. 1991).

In reviewing the Rudolphs' motion, we apply the same standard of review as that used for a Rule 12(b)(6) motion to dismiss.  Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 253 (3d Cir. 2004).  We accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the plaintiff.  Id.  We may find for the defendant only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would warrant relief." Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).  In reaching a decision a court may consider the facts alleged in the complaint as well as any attachments.  In re Roberson, 262 B.R. 312, 318 (Bankr. E.D. Pa. 2001).  We need not credit "bald assertions" or "legal conclusions."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Courts can resolve contract disputes on a motion for judgment on the pleadings "if the claims under which the plaintiff seeks relief are barred by the unambiguous terms of a contract attached to the pleading, because the interpretation of an unambiguous contract is a matter of law for the court."  See Jaskey Fin. & Leasing v. Display Data Corp., 564 F. Supp. 160, 163 (E.D. Pa. 1983).

According to the complaint, on June 28, 2007, Chuck Rudolph and Joseph Slater, two college students, signed a lease with Half Penny for Apartment E-4 in the Arrowhead Court Apartments located in Aston, Pennsylvania.  Defendant Charles Rudolph also executed the lease as a co-signer for his son Chuck, and Warren Slater served as a co-signer for Joseph.  On April 15,

-2-

2008, Joseph purportedly left an unattended pot of oil heating on the stove that ignited and started a fire.  The fire spread throughout the apartment, destroying Apartment E-4 and causing significant property damage throughout the Arrowhead Court Apartments.  Thereafter, GNY made insurance payments to Arrowhead Court for the damage and destruction caused by the fire.  GNY, as subrogee, now seeks damages from the four defendants for breach of contract and from Joseph Slater for negligence.

At issue in the Rudolphs' pending motion are two sections of the lease.  Section 6 is titled "Repairs."  It provides in relevant part:

> Tenant must take good care of the apartment and all equipment, property and fixtures in it.  Landlord will repair the plumbing, heating, and electrical systems, unless caused by Tenant's act or neglect.  If a Tenant causes damage, Tenant must, at Tenant's cost, make all repairs and replacements.  If Tenant fails to make a needed repair or replacement, Landlord may do it.  Landlord's costs will be added to rent.

Section 22, captioned "Destruction of Premises," states:

> If the apartment is totally destroyed by fire, this lease will terminate automatically.  Tenant will have no further obligation to pay rent or any further right to possession.  If the destruction occurs in the middle of the month, Landlord will give back to the Tenant the pro-rated share of the rent for that month as well as return the security deposit in accordance with the terms of the lease.  If part of the apartment is damaged, Tenant must pay rent for the usable part.  Landlord shall have the right to decide which part of the apartment is usable.

The Rudolphs do not dispute the facts or terms of the lease.  They agree that the issue before the court is "one of pure contract construction."  They argue that Sections 6 and 22 of the lease are clear and unambiguous.  According to them, where the landlord makes repairs under Section 6 and adds that cost to the rent, those charges actually become "rent."  When read in conjunction with Section 22, this "rent" is not collectable if the apartment is destroyed by fire.  Furthermore, the Rudolphs note that Section 22 does not differentiate between destruction of the premises caused by the tenants or by some external source.  Therefore, they argue, when Apartment E-4 burned, defendants' obligation to pay for the cost of repairs under Section 6 terminated even if they caused the fire.

GNY also views the lease as clear and unambiguous.  Not surprisingly, it has a different interpretation.  It contends that Section 22 relieved defendants of a duty to pay rent after the apartment was destroyed but not of their duty to pay for repairs under Section 6.  GNY is not seeking any rent from defendants for the period after the fire.  Rather, it is suing for damages for the failure to repair the damage to Apartment E-4 pursuant to Section 6.

We find the Rudolphs' interpretation of the lease agreement to be completely unreasonable.  See Wilkes-Barre Twp. Sch. Dist. v. Corgan, 170 A.2d 97, 99 (Pa. 1961).  Under their reading, tenants who wish to be released from a lease need only burn down their apartment.  Nothing in Section 6 suggests that

-4-

tenants' duty to repair is the same as their duty to pay rent.

Rather, the plain language states that any replacements or

repairs that a tenant is obligated to make may be made by the

landlord where the tenant fails to do so.  In such a situation,

"Landlord's costs will be <u>added</u> to rent."  (emphasis added).  The

costs do not become "rent."  The Rudolphs' contention that "The

cost of repairs, if made by the Landlord, is considered 'rent'"

is simply untenable.  Although Section 22 terminates the lease

upon destruction by fire, the duty of the defendants to repair is

not cancelled if defendants' conduct resulted in the destruction

of or damage to the premises.  We do not decide here whether

Section 6 obligates defendants to pay for the damage done to

portions of Arrowhead Courts beyond Apartment E-4.

          Accordingly, we will deny the motion of defendants

Charles and Chuck Rudolph for judgment on the pleadings.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREATER NEW YORK MUTUAL          :          CIVIL ACTION
INSURANCE CO.                    :
                                 :
          v.                     :
                                 :
CHARLES RUDOLPH, et al.          :          NO. 08-2650

ORDER

AND NOW, this 24th day of October, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants Charles and Chuck Rudolph for judgment on the pleadings (incorrectly denominated a motion to dismiss) is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
                                            C.J.